SEYFARTH SHAW LLP
Tiffany Tran Madison (SBN 294213)
tmadison@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone:   (916) 448-0159
Facsimile:   (916) 558-4839

SEYFARTH SHAW LLP
Flavia A. Costea (SBN 329929)
fcostea@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
ALASKA AIRLINES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ TIJERINA, individually,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC., an Alaska Corporation, and DOES 1 - 50,<br><br>Defendants. | Case No. **'22CV0203 JLS  BGS**<br><br>**NOTICE OF REMOVAL FROM STATE COURT**<br><br>[San Diego County Superior Court Case No. 37-2022-00000268-CU-OE-CTL]<br><br>Date Action Filed: January 4, 2022 |

1

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF BEATRIZ TIJERINA, AND PLAINTIFF'S COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Alaska Airlines, Inc. hereby remove the above-titled action filed by Plaintiff Beatriz Tijerina from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California given this Court's original jurisdiction over this action on the basis of diversity and state that removal is proper for the following reasons:

**PLEADINGS AND PROCEEDINGS TO DATE**

1. On January 4, 2022, Tijerina filed a Complaint against Defendant in the Superior Court of California, County of San Diego, styled *Tijerina v. Alaska Airlines, Inc., and Does 1-50*, Case No. 37-2022-00000268-CU-OE-CTL, purporting to allege claims against Defendant for: (1) quid pro quo sexual harassment California Government Code § 12940(j); (2) hostile work environment - sexual harassment - California Government Code § 12940(j); (3) disparate treatment - California Government Code § 12940(a); (4) failure to prevent harassment, retaliation and discrimination - California Government Code § 12940(k); (5) negligent retention; (6) negligent infliction of emotional distress; and (7) constructive wrongful termination in violation of public policy.   A true and correct copy of the Complaint, as well as copies of all processes, pleadings and orders served on Defendant with the Complaint, is attached as **Exhibit A**.

2. On February 14, 2022, Defendant timely filed an Answer to the Complaint in the Superior Court of California, County of San Diego.  A true and correct copy of the Answer is attached as **Exhibit B**.

**TIMELINESS OF REMOVAL**

3. This Notice of Removal is timely filed as it is filed less than one year from the date this action was commenced and within thirty days of service upon Defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322

(1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

## DIVERSITY JURISDICTION

4.     As explained below, removal of this action to this Court is proper under 28 U.S.C. § 1441(a), because this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) in that this action involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

### A.     Plaintiff is a Citizen of California

5.     Plaintiff is, and at the institution of this civil action was, a citizen of the State of California. For diversity purposes, a natural person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).

6.     Plaintiff is a resident and citizen of the State of California. Specifically, the Complaint alleges that "Plaintiff, Ms. TIJERINA, is an individual who at all relevant times was a resident of the County of San Diego in the State of California." (Ex. 1, Complaint ¶ 1.)  Moreover, based on information from Plaintiff's employment records and information submitted to Defendant throughout the course of Plaintiff's employment, as of her last day of employment with Defendant, she listed a California address as her current address. This demonstrates "an intent to remain" in California and establishes domicile in California. Neither Plaintiff nor Plaintiff's counsel has provided a different address or indicated that Plaintiff does not intend to remain domiciled in California.

1  Plaintiff, therefore, is, and has been at all times since this action commenced, a citizen of
2  California.

3  **B.    Defendant Is Not A Citizen Of California**

4      7.    Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a
5  citizen of every State and foreign state by which it has been incorporated and of the State
6  or foreign state where it has its principal place of business."  As the Supreme Court has
7  explained,

8      "[P]rincipal place of business" is best read as referring to the place where a
9      corporation's officers direct, control, and coordinate the corporation's
       activities.  It is the place that Courts of Appeals have called the corporation's
10     "nerve center."  And in practice it should normally be the place where the
       corporation maintains its headquarters--provided that the headquarters is the
11     actual center of direction, control, and coordination, *i.e.*, the "nerve center,"
       and not simply an office where the corporation holds its board meetings.

12  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

13     8.    Defendant is incorporated under the laws of the State of Alaska.  All of
14  Defendant's corporate offices, from which its officers direct, control, and coordinate its
15  activities, are located in the State of Washington. Accordingly, Defendant's principal
16  place of business is located in the State of Washington.  Therefore, Defendant is a citizen
17  of the State of Washington pursuant to the "nerve center" test, and also a citizen of the
18  State of Alaska pursuant to its state of incorporation. *The Hertz Corp.*, 599 U.S. at 92-93.

19  **C.    Doe Defendant's Citizenship**

20     9.    Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and
21  unknown defendants should be disregarded for purposes of establishing removal
22  jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d
23  1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal
24  petition). Thus, the existence of Doe defendants one through fifty, inclusive, does not
25  deprive this Court of jurisdiction.

26                          **Amount In Controversy**

27     10.    Although Defendant denies liability as to Tijerina's alleged claims and also
28  denies that Tijerina has suffered any damages recoverable from Defendant, the amount-

                                    4

in-controversy requirement is satisfied here because it is "more likely than not" that the amount Tijerina seeks to recover in this action exceeds the sum of $75,000, exclusive of interest and costs. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (evidence establishing amount in controversy "more likely than not" exceeds threshold requirement sufficient for diversity jurisdiction) (collecting cases).

11.    "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

12.    In determining the amount in controversy, the Court is to look at the "amount at stake in the underlying litigation," including any attempt by the plaintiff to recover future damages. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). The Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Conrad Assocs. v. Hartford Accident & Indem. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

### A.    Alleged Loss of Earnings, Emotional Distress, and Punitive Damages

13.    Plaintiff seeks to recover "special and compensatory damages including loss of past, present, and future earnings and benefits." (Ex. 1, Complaint, Prayer for Relief, ¶ 3.)

14.    At the time her employment terminated, Plaintiff earned an hourly rate of $16.25. Plaintiff worked, on average, approximately 45 hours every two week pay period during the last six months of her employment.

5

15.     Plaintiff alleges she resigned her employment on January 29, 2020, approximately 108 weeks prior to the date of this removal filing.  Therefore, Plaintiff's lost wages to date are approximately $39,488.

16.     Plaintiff will likely claim lost wages for the time period from the January 29, 2020 date that her employment terminated through trial.  Assuming a conservative trial date of 12 months after service of the Complaint, which would be approximately 154 weeks from Plaintiff's resignation date, Plaintiff's lost wages through trial will amount to approximately $56,306.

17.     In addition to lost wages, Plaintiff seeks to recover for general damages, including "great mental and emotional anguish, including fear for her financial and physical security, constant, worry, shock, humiliation, degradation, sleeplessness, and other emotional issues," "severe emotional distress, mental anguish, embarrassment, and humiliation," "anguish, nervousness, anxiety, humiliation, shame, and depression," "severe emotional and mental distress, anguish, embarrassment, sleepless nights, humiliation, degradation, headaches, inconvenience, and loss of enjoyment of life." (Ex. 1, Complaint, ¶¶ 33, 34, 48, 49, 55, 56, 65, 66, 73, 78, 83, Prayer for Relief, ¶ 2.)  She also seeks recovery of punitive damages.  (Ex. 1, Complaint, ¶¶ 35, 50, 57, 68, 84, Prayer for Relief, ¶ 4.)

18.     To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

19.     California jury verdicts in similar cases often exceed $75,000.  *See, e.g., Newton v. Equilon Enterprises LLC dba Shell Oil Products U.S.*, United States District Court, Northern District of California, Case No. 4:17CV03961 (December 20, 2018) ($475,000 verdict on plaintiff's claims for sex harassment, failure to prevent harassment and discrimination, sex discrimination, and retaliation); *Santos-Vidal v. Hongye LLC dba Spa Renaissance*, Los Angeles Superior Court Case No. KC067686 (August 17, 2017) (verdict for $15,544,413 on plaintiff's claims for sex discrimination,

sexual harassment, failure to prevent discrimination and harassment, retaliation, and wrongful termination); *Allstot v. City of Los Angeles*, Los Angeles County Superior Court Case No. BC592492 (April 4, 2018) (verdict for $3,000,000 on plaintiff's claims for quid pro quo sexual harassment, hostile work environment harassment, and retaliation; *Vandermat v. Creative Stoneworks, Inc., et al.*, Alameda County Superior Court Case No. RG-09-442509 (August 17, 2012 verdict) (verdict for $226,330 on plaintiff's claims for sex discrimination, sexual harassment, retaliation, failure to take reasonable steps to prevent harassment); *White v. County of Los Angeles*, Los Angeles County Superior Court Case No. BC399254 (March 16, 2011 verdict) (verdict for $202,700 on plaintiff's claims sex harassment, retaliation, and failure to prevent harassment and retaliation). (True and correct copies of this verdict information obtained from westlaw.com are attached hereto as **Exhibit C**.)

### B.    Attorney's Fees

20.    Plaintiff also seeks to recover attorneys' fees.  (Ex. 1, Complaint, Prayer for Relief, ¶ 7.)  Requests for attorney's fees must be considered in ascertaining the amount in controversy.  *See Galt, supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory).

21.    Here, Plaintiff, if successful, would be entitled to an award of attorneys' fees that itself "more likely than not" would exceed $75,000.  Verdicts show that attorneys' fees in employment cases typically exceed $75,000.  *See e.g. Monterroso v. Hydraulics Int'l Inc.,* No. B299946, 2022 WL 33250 (Cal. Ct. App. Jan. 4, 2022) ($625,000 in attorney's fees awarded to plaintiff affirmed in wrongful termination matter)*; Do v. Raytheon Co.,* Cal. Second Appellate District, Division Four, No. B293950 (October 2020) ($695,000 attorney's fees award to plaintiff affirmed in discrimination and harassment lawsuit); *Denenberg v. California Dep't of Trans*., 2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*,

2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277 for claim of discrimination and retaliation).  (True and correct information regarding verdicts in *Monterroso, Do, Denenberg*, *McMillan*, and *Gallegos* are attached as **Exhibit D**.)

22.    For each of the foregoing reasons, while Defendant denies any liability as to Plaintiff's claims, it is now "more likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## VENUE

23.    Venue lies in this Court, as this action was originally filed in the Superior Court of California, County of San Diego, which is located within the Southern District of California.  *See* 28 U.S.C. §§ 1441(a), 1446(a), 84(a).

## NOTICE OF REMOVAL

24.    A true and correct copy of this Notice of Removal will be promptly served on Tijerina, through her counsel, and also filed with the Clerk of the Superior Court of the State of California for the County of San Diego, as required under 28 U.S.C. section 1446(d).

## PRAYER FOR REMOVAL

WHEREFORE, Defendant pray that the above-titled action be removed from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California.

DATED: _February 14, 2022                    Respectfully submitted,

SEYFARTH SHAW LLP


By: /s/ Tiffany Tran Madison
Tiffany Tran Madison
Flavia A. Costea

Attorneys for Defendant
ALASKA AIRLINES, INC.

79105901v.1

9