# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALASKA AIRLINES, INC., an Alaska Corporation; and DOES 1-50

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/04/2022** at 11:09:17 AM
Clerk of the Superior Court
By Erika Engel,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BEATRIZ TIJERINA, individually

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court - Hall of Justice
330 W. Broadway
San Diego, CA 92101

**CASE NUMBER:**
*(Número del Caso):* 37-2022-00000268-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Tyler Belong and Jeffrey Hogue; 170 Laurel Street San Diego, CA 92101; 619-238-4720

DATE: 01/05/2022                    Clerk, by _____ , Deputy
*(Fecha)*                           *(Secretario)*           E. Engel           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Tyler J. Belong (SBN 234543) & Jeffrey Hogue (SBN 234577)<br>170 Laurel Street San Diego, CA 92101<br><br>TELEPHONE NO.: 619-238-4720    FAX NO. *(Optional)*: 619-238-5260<br>E-MAIL ADDRESS: tbelong@hoguebelonglaw.com; jhogue@hoguebelonglaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Beatriz Tijerina | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**01/04/2022** at 11:09:17 AM<br>Clerk of the Superior Court<br>By Erika Engel,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2022-00000268-CU-OE-CTL |
|---|---|---|
| [x] Unlimited     [ ] Limited<br>(Amount         (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Eddie C Sturgeon<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02) | **Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 4, 2022
Tyler J. Belong
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

JEFFREY L. HOGUE (SBN 234557)
TYLER J. BELONG (SBN 234543)
JIMMIE D. PARKER (SBN 252023)
MARK A. SIMPLICIANO (SBN 331516)
**HOGUE & BELONG**
170 Laurel Street
San Diego, CA 92101
Telephone:  (619) 238-4720
Facsimile:  (619) 238-5260

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/04/2022** at 11:09:17 AM

Clerk of the Superior Court
By Erika Engel,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO

BEATRIZ TIJERINA, individually,

     Plaintiff,

vs.

ALASKA AIRLINES, INC., an Alaska
Corporation, and DOES 1-50,

    Defendants.

**CASE NO.:**  37-2022-00000268-CU-OE-CTL

**COMPLAINT FOR DAMAGES**

1. Quid pro quo Sexual Harassment –
   California Government Code § 12940(j)
2. Hostile Work Environment – Sexual
   Harassment – California Government
   Code § 12940(j);
3. Disparate Treatment – California
   Government Code § 12940(a);
4. Failure to Prevent Harassment,
   Retaliation and Discrimination –
   California Government Code § 12940(k)
5. Negligent Retention;
6. Negligent Infliction of Emotional
   Distress;
7. Constructive Wrongful Termination in
   Violation of Public Policy.

**DEMAND FOR JURY TRIAL**

COMPLAINT FOR DAMAGES

Plaintiff BEATRIZ TIJERIA ("Ms. TIJERINA" or "Plaintiff"), demanding trial by jury, complains and alleges, upon information and belief, as follows:

## THE PARTIES

1.      Plaintiff, Ms. TIJERINA, is an individual who at all relevant times was a resident of the County of San Diego in the State of California.  At all material times, Plaintiff was the employee of defendant ALASKA AIRLINES, INC., an Alaska corporation, within the meaning of Government Code section 12940.

2.      At all material times, Defendant ALASKA AIRLINES, INC. was conducting business within the State of California and in the County of San Diego.  At all material times, Defendant ALASKA AIRLINES was registered as doing business within the State of California and conducted business in the State of California, with a business location in the County of San Diego.

3.      The true names and capacities, whether individual, corporate, partnership, associate or otherwise of defendants DOES 1-50, inclusive, are unknown to Plaintiff who therefore sues these defendants by such fictitious names pursuant to California Code of Civil Procedure section 474.  Plaintiff will seek leave to amend this Complaint or file a DOE statement to allege the true names and capacities of DOES 1-50, inclusive, when the same are ascertained.  The DOE defendants, together with ALASKA AIRLINES, INC. are collectively referred to herein as "Defendants."

4.      Plaintiff is informed and believes, and thereon alleges, that Defendants are each responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendants knowingly and willfully acted in concert, conspired together and agreed among themselves to enter into a combination and systemized campaign of activity to cause the injuries and damages hereinafter alleged, and to otherwise consciously and/or recklessly act in derogation of Plaintiff's rights, and the trust reposed by Plaintiff in each of said Defendants, said acts being negligently and/or

1    intentionally inflicted.  Said conspiracy, and Defendants' concerted actions, were such that, to

2    Plaintiff's information and belief, and to all appearances, Defendants represented a unified body

3    so that the actions of one defendant was accomplished in concert with, and with knowledge,

4    ratification, authorization and approval of each and every other defendant.

5         6.    Plaintiff is informed and believes, and thereon alleges, that each and every

6    defendant named in this Complaint, including DOES 1 through 50, inclusive, is, and at all times

7    mentioned herein was, the agent, servant, alter ego, and/or employee of each of the other

8    defendants and that each defendant was acting within the course of scope of his, his or its authority

9    as the agent, servant and/or employee of each of the other defendants.  Consequently, each and

10   every defendant is jointly and severally liable to Plaintiff for the damages sustained as a proximate

11   result of their conduct.

12

13                              **JURISDICTION AND VENUE**

14        7.    This Court has jurisdiction over this action pursuant to the California Constitution,

15   Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except

16   those given by statute to other courts."  The statutes under which this action is brought do not

17   specify any other basis for jurisdiction over Plaintiff's claims to another court.

18        8.    This Court has jurisdiction over all defendants because upon information and

19   belief, each defendant is a citizen of California, has sufficient minimum contacts in California, and

20   otherwise intentionally avails itself of the California market so as to render this Court's

21   jurisdiction over it consistent with traditional notions of fair play and substantial justice.

22        9.    Venue as to each defendant is proper in this judicial district pursuant to California

23   Code of Civil Procedure sections 395(a) and 395.5, because the Defendants either own or maintain

24   offices in the County of San Diego, transact business there, have an agent or agents within the

25   County of San Diego, and are otherwise found within the County of San Diego.

26

27                            **ADMINISTRATIVE PREREQUISITES**

28        10.   On or about November 2, 2019, Plaintiff, Ms. TIJERINA, filed her charge of

Hogue & Belong, APC
170 Laurel Street
San Diego, CA 92101
619.238.4720

discrimination against ALASKA AIRLINES, INC. with the Equal Employment Opportunity

-3-

1   Commission ("EEOC") and the California Department of Fair Employment & Housing ("DFEH")

2   *in pro per*. Ms. TIJERINA received her EEOC right-to-sue letter against ALASKA AIRLINES,

3   INC. on or around December 23, 2021. Plaintiff TIJERINA filed a charge of discrimination with

4   the DFEH on or around December 29, 2021, and immediately received her DFEH right-to-sue

5   letter. Plaintiff TIJERINA served ALASKA AIRLINES, INC. with the charge and right-to-sue

6   letter.

7

8                              **FACTUAL ALLEGATIONS**

9         11.     Defendants own, control, manage, operate, oversee, and earn profits, fees, and

10  wages from airline services in California.

11        12.     In or around March 2018, Plaintiff, Ms. TIJERINA, began working for Defendants

12  as a customer service agent. Ms. TIJERINA worked at the airport in San Diego, California. Ms.

13  TIJERINA typically worked between 3 A.M. and 9 A.M. At the time, Ms. TIJERINA was

14  approximately 31 years old.

15        13.     During Ms. TIJERINA's employment, MARK BUENAFLOR, a lead customer

16  service agent and Ms. TIJERINA's night crew supervisor, continuously called Ms. TIJERINA

17  "babe," inappropriately rubbed Ms. TIJERINA's shoulders ten or more times, and remarked

18  "[y]ou're so tense. You need a massage. Your husband doesn't give you massages?" This

19  happened at the customer service station in front of customers on virtually every shift that Ms.

20  TIJERINA worked with Mr. BUENAFLOR. Ms. TIJERINA was shocked and walked away

21  because she was so uncomfortable that her supervisor would speak to her in such a sexual manner.

22  Ms. TIJERINA reported Mr. BUENAFLOR's sexually harassing conduct to Defendants' Human

23  Resources ("HR") department.

24        14.     In addition to Mr. BUENAFLOR massaging Ms. TIJERINA's shoulders, Mr.

25  BUENAFLOR also inappropriately touched Ms. TIJERINA's inner thigh on approximately five

26  occasions.

27        15.     In or around September 2018, Mr. BUENAFLOR approached Ms. TIJERINA

28  while she was eating a Rice Krispies Treat. Without solicitation, Mr. BUENAFLOR made a

    sexual advance toward Ms. TIJERINA by placing his mouth right next to Ms. TIJERINA's mouth,

Hogue & Belong, APC
170 Laurel Street
San Diego, CA 92101
619.238.4720

-4-

and grabbing the snack with his mouth while she was taking her last bite. Ms. TIJERINA was terrified that Mr. BUENAFLOR was attempting to kiss her, so she pulled away and let him take the snack. Before Ms. TIJERINA could pull away, Mr. BUENAFLOR's mouth came into contact with Ms. TIJERINA's fingers. She reported this incident to Defendants' HR department. Shortly after this event, Mr. BUENAFLOR continued to aggressively flirt with and make sexual advancements toward Ms. TIJERINA. Mr. BUENAFLOR also flirted with other young women at work, calling them "babe" or "sweetie."

16.    Mr. BUENAFLOR was married at this time. Mr. BUENAFLOR's flirtatious conduct made Ms. TIJERINA feel extremely uncomfortable. However, employees at ALASKA AIRLINES, INC. spoke of the fact that Mr. BUENAFLOR had sexual intercourse with at least one of his female subordinates at ALASKA AIRLINES, INC., Evette. In fact, Mr. BUENAFLOR's wife once appeared at ALASKA AIRLINES, INC. and aggressively yelled at Evette for having sex with Mr. BUENAFLOR. This happened in front of some of the night crew employees. It was common knowledge at ALASKA AIRLINES, INC. that Mr. BUENAFLOR used his position as a means to try to convince his female subordinates to engage in sexual acts with him. On information and belief, approximately 6 other women have complained to ALASKA AIRLINES, INC. about Mr. BUENAFLOR'S sexually harassing behavior.

17.    Mr. BUENAFLOR's sexually harassing conduct continue through or around December 2018 after Ms. TIJERINA continued to report the conduct to her other managers, her union representative, and HR. However, Defendants, through their HR department and managers, forced Ms. TIJERINA to work under Mr. BUENAFLOR's supervision despite Ms. TIJERINA explicitly requesting otherwise and despite an ongoing investigation of Mr. BUENAFLOR's sexually harassing conduct of his female subordinates.

18.    On Ms. TIJERINA's information and belief, Mr. BUENAFLOR has sexually harassed multiple women. To Ms. TIJERINA's knowledge, Defendants have taken no corrective action against Mr. BUENFLOR.

19.    After Ms. TIJERINA reported the sexual harassment to Defendants, she was retaliated against. As one example, she was forced to continue to work directly under Mr.

Hogue & Belong, APC
170 Laurel Street
San Diego, CA 92101
619.238.4720

COMPLAINT FOR DAMAGES

1  BUENAFLOR even after she reported his sexual harassment. And, another of her supervisors,
2  Brooke (last name unknown), who was Mr. BUENAFLOR's good friend, aggressively screamed
3  at Ms. TIJERINA. On at least one other occasion, another back-up lead called Ms. TIJERINA a
4  "bitch." Ms. TIJERINA notified her station manager and human resources about the retaliation,
5  but yet again, no corrective action was taken to Ms. TIJERINA's knowledge.

6      20.    As part of a continuous effort to retaliate against Ms. TIJERINA, on or around
7  September 27, 2019, Defendants and its management, specifically Mr. BUENAFLOR, still acting
8  in a position of power over Plaintiff, mischaracterized Ms. TIJERINA's leave, resulting in her
9  receiving an "occurrence," which made her more susceptible to termination.

10     21.    Other male employees also began to sexually harass Ms. TIJERINA. As one
11 example, Alvin Benedicto, a male employee of Defendants, falsely accused Ms. TIJERINA of
12 having an extra marital affair and sexual intercourse with another male employee. On or around
13 October 5, 2019, Ms. Tijerina reported this conduct to Julie Ceron, a station manager for
14 Defendants. To Ms. TIJERINA's knowledge, Defendants has taken no corrective action.

15     22.    On at least one other occasion, Jeff (last name unknown), a male employee, made
16 disparaging comments in front of customers and Ms. TIJERINA, such as, "you should use women
17 for sex and then throw them away," or something to that effect. Ms. TIJERINA reported this
18 incident to Magda (last name unknown), another lead for Defendants. To Ms. TIJERINA's
19 knowledge, Defendants have taken no corrective action.

20     23.    Seeking redress, on or about November 2, 2019, Ms. TIJERINA filed a charge of
21 sexual harassment and discrimination with the EEOC. The EEOC investigated through December
22 2021. On December 23, 2021, the EEOC closed the filed and issued Ms. TIJERINA her right-to-
23 sue.

24     24.    Mr. BUENAFLOR discovered that Ms. TIJERINA lodged a complaint against him
25 for his sexual harassment and began mocking Ms. TIJERINA by sarcastically stating that
26 "everything is sexual harassment," and that he is going to contact HR to report it.

27     25.    On or around January 11, 2020, Ms. TIJERINA made yet another complaint about
28 the harassment and retaliation to Michelle Nelson at HR.

26.    As a result of this continuous harassment and retaliation, Ms. TIJERINA sought and received medical treatment.  On January 29, 2020, Ms. TIJERINA was constructively terminated.

27.    These are some, but not all, of the harassing, retaliatory, discriminatory, hostile, and otherwise unlawful actions taken against Ms. TIJERINA, and, as a result of Defendants continuous unlawful conduct, Ms. TIJERINA suffered severe emotional distress.

### FIRST CAUSE OF ACTION
**For Quid Pro Quo Sexual Harassment in Violation of Gov't Code § 12940(j)**
**(Against All Defendants)**

28.    Plaintiff refers to and incorporates by reference each and every preceding paragraph in this Complaint, as if fully set forth herein.

29.    At all material times, Plaintiff was an employee of Defendants, within the meaning of Government Code section 12940.

30.    At all material times during Plaintiff's employment with Defendants, Mr. BUENAFLOR was a supervisor within the meaning of Government Code section 12926, and it used and relied on this authority to extort Plaintiff's acquiescence to the sexual conduct and comments heretofore described and other sexual consideration from them.

31.    At all material times, Mr. BUENAFLOR engaged in retaliatory conduct after Plaintiff refused his sexual advances.  Mr. BUENAFLOR made Plaintiff's continued employment with Defendants and her opportunity for favorable treatment and promotions contingent upon her continued acquiescence in, and acceptance of, the sexual conduct heretofore described. Defendants knew about the sexually harassing acts and conduct of Mr. BUENAFLOR, but did nothing to prevent it.

32.    At all material times, Plaintiff performed her job in a satisfactory manner.

33.    As a direct and proximate result of the aforesaid harassing conduct by Defendants, and each of them, Plaintiff has been damaged in that she suffered great mental and emotional anguish, including fear for her financial and physical security, constant worry, shock, humiliation, degradation, sleeplessness, and other emotional distress, all to her general and special damage in

Hogue & Belong, APC
170 Laurel Street
San Diego, CA 92101
619.238.4720

–7–

1   an amount according to proof at trial.

2       34.    As a further direct and proximate result of the aforesaid harassing conduct by

3   Defendants, and each of them, Plaintiff has been deprived of the security, solace, and peace of

4   mind for which she entered the employment relationship with Defendants, and has thereby

5   suffered severe emotional distress, mental anguish, embarrassment, and humiliation, all to her

6   special damage in an amount according to proof at trial.

7       35.    The outrageous conduct of Defendants, and each of them, described above was

8   done with malice, fraud, and oppression and with conscious disregard for Plaintiff's rights and

9   with the intent, design, and purpose of injuring her.  Defendants, through their officers, managing

10  agents and/or its supervisors, authorized, condoned, willfully ignored and/or ratified the unlawful

11  conduct of all of the other defendants named in this action.  By reason thereof, Plaintiff is entitled

12  to punitive or exemplary damages from all defendants, and each of them, as prayed for below.

13      36.    As a further direct and proximate result of defendants' actions, Plaintiff is entitled

14  to her attorney fees and costs pursuant to Government Code section 12965(b) and any other

15  applicable statute.

16

17  **SECOND CAUSE OF ACTION**
18  **For Hostile Work Environment Sexual Harassment in Violation of Gov't Code § 12940(j)**
    **(Against All Defendants)**

19      37.    Plaintiff refers to and incorporates by reference each and every preceding

20  paragraph in this Complaint, as if fully set forth herein.

21      38.    At all material times, Plaintiff was an employee of Defendants, within the meaning

22  of Government Code section 12940.

23      39.    At all material times, Plaintiff was entitled to a work environment that is neither

24  hostile nor abusive.

25      40.    At all material times, Mr. BUENAFLOR was a supervisor within the meaning of

26  Government Code section 12926, and personally engaged in the above-identified harassing actions

27  against the Plaintiff on account of Plaintiff's gender and sex.  Sex and gender are protected classes

28  under the Fair Employment and Housing Act, Government Code sections 12940 *et seq.*  The

Hogue & Belong, APC
170 Laurel Street
San Diego, CA 92101
619.238.4720

COMPLAINT FOR DAMAGES

above identified actions against Plaintiff were severe and pervasive.

41.    At all material times, Mr. BUENAFLOR engaged in the aforementioned continuous and ongoing sexually hostile and offensive conduct and comments to, about, and in the presence of Plaintiff.

42.    Even after Plaintiff complained about the offensive comments and conduct of Mr. BUENAFLOR, Defendants failed to take any steps to correct BUENAFLOR's conduct.

43.    Defendants knew or should have known of the aforesaid sexually harassing actions because Mr. BUENAFLOR was at all times a supervisor of Defendants, and Defendants were informed of the sexual misconduct.  Ms. TIJERINA repeatedly complained to management and HR that Mr. BUENAFLOR and other male employees were refusing to assist her when she asked them for help, and making sexually charged disparaging comments about females in her presence. Defendants failed to take any action to correct Mr. BUENAFLOR'S or other employees' hostile and retaliatory conduct.

44.    Defendants and each of them, knew or should have known of the aforesaid harassing actions because they personally participated in committing said actions, and in directing, approving, and ratifying such actions engaged in by their subordinate employees.

45.    Plaintiff found the work environment described herein to be severely hostile, abusive, and intolerable.

46.    A reasonable person in Plaintiff's circumstances would have considered the work environment described herein to be severely hostile, abusive, and intolerable.

47.    At all times relevant herein, Plaintiff was performing her job in a satisfactory manner.

48.    As a direct and proximate result of the aforesaid harassing conduct by Defendants, and each of them, Plaintiff has been damaged in that she suffered physical pain and great mental and emotional anguish, including fear for her financial security, constant worry, shock, humiliation, degradation, and other emotional distress, all to her general and special damage in an amount according to proof at trial.

49.    As a further direct and proximate result of the aforesaid harassing conduct by Defendants, and each of them, Plaintiff has been deprived of the security, solace, and peace of

1   mind for which she entered the employment relationship with Defendants, and has thereby

2   suffered severe emotional distress, mental anguish, embarrassment, and humiliation, all to her

3   special damage in an amount according to proof at trial.

4       50.     The outrageous conduct of Defendants, and each of them, described above was

5   done with malice, fraud, and oppression and with conscious disregard for Plaintiff's rights and

6   with the intent, design, and purpose of injuring Plaintiff.  Defendants, through its officers,

7   managing agents and/or its supervisors, authorized, condoned, willfully ignored and/or ratified the

8   unlawful conduct of all of the defendants named in this action.  By reason thereof, Plaintiff is

9   entitled to punitive or exemplary damages from all defendants, and each of them, as prayed for

10  below.

11      51.     As a further direct and proximate result of defendants' actions, Plaintiff is entitled

12  to her attorney fees and costs pursuant to Government Code section 12965(b) and any other

13  applicable statute.

14

15                        **THIRD CAUSE OF ACTION**

16  **For Disparate Treatment Discrimination in Violation of Gov't Code § 12940(a)**
    **(Against All Defendants)**

17      52.     Plaintiff refers to and incorporate by reference each and every preceding paragraph

18  in this Complaint, as if fully set forth herein.

19      53.     Plaintiff was employed by Defendants at all relevant times.

20      54.     Plaintiff was sexually harassed, assaulted, demeaned, denied a promotion, denied

21  requisite management assistance in her job duties, and forced to quit based on the fact that she is a

22  heterosexual woman, and on the basis that she did not acquiescence to demoralizing sexual

23  conduct from Defendants' manager who was Plaintiff's supervisor.

24      55.     As a direct and proximate result of the aforesaid conduct by the aforementioned

25  Defendants, Plaintiff has been damaged in that she suffered great mental anguish, including fear

26  for her financial security, constant worry, shock, humiliation, and other emotional distress, all to

27  her general and special damage in an amount according to proof at trial.

28      56.     As a further direct and proximate result of the aforesaid conduct by the

aforementioned defendants, Plaintiff has been deprived of the security, solace, and peace of mind for which she entered the employment relationship with Defendants, and has thereby suffered severe emotional distress, mental anguish, embarrassment, and humiliation, all to her special damage in an amount according to proof at trial.

57.     The outrageous conduct of Defendants, and each of them, described above was done with malice, fraud, and oppression and with conscious disregard for plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  Defendants, through its officers, managing agents and/or its supervisors, authorized, condoned, willfully ignored and/or ratified the unlawful conduct of all of the other defendants named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants, and each of them, as prayed for below.

58.     As a further direct and proximate result of defendants' actions, Plaintiff is entitled to her attorney fees and costs pursuant to Government Code section 12965(b).

### FOURTH CAUSE OF ACTION
**For Failure to Prevent Harassment, Retaliation, and Discrimination in Violation of California Gov't Code § 12940(k)**
**(Against All Defendants)**

59.     Plaintiff refers to and incorporates by reference each and every preceding paragraph in this Complaint, as if fully set forth herein.

60.     At all material times, Plaintiff was an employee of Defendants within the meaning of Government Code section 12940.

61.     Despite actual and constructive knowledge of the above-mentioned harassing, retaliatory, and discriminatory actions, Defendants failed to take all reasonable steps necessary to prevent the harassment, discrimination, and retaliation from occurring, despite complaints by Plaintiff of the above-described conduct by Mr. BUENAFLOR and other employees.

62.     In perpetrating the above-described conduct, Defendants engaged in a pattern, practice, policy and custom of unlawful sex discrimination and sexual/gender harassment.  Said conduct on the part of Defendants constituted a policy, practice, tradition, custom and usage which denied Plaintiff protection under California Government Code section 12940(a) and (j).

63.     At all relevant time periods, Defendants failed to make an adequate response and investigation into the harassing, discriminatory, and retaliatory conduct of Mr. BUENAFLOR and other employees.  Instead, Defendants condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in the above-described harassment and discrimination based on sex and actual or perceived sexual orientation, and the above described retaliation.

64.     At all relevant times Defendants failed to provide adequate training, education, and information to their personnel and most particularly to management and supervisory personnel with regard to policies and procedures regarding sex discrimination, sexual/gender harassment, and retaliation for complaining of or resisting sex discrimination and sexual harassment.

65.     Defendants knew or reasonably should have known that the failure to provide any adequate education, training, disciplinary actions, and information regarding their policies and practices concerning sex discrimination, sex harassment, and retaliation for complaining or resisting such harassment or discrimination would result in sexual harassment, sexual discrimination, and/or retaliation against employees, including, without limitation, Plaintiff.

66.     As a direct and proximate result of the aforesaid failure to prevent harassment, retaliation, and discrimination by Defendants, and each of them, Plaintiff has been damaged in that she suffered great mental and emotional anguish, including fear for her financial security, constant worry, shock, humiliation, degradation, and other emotional distress, all to her general and special damage in an amount according to proof at trial.

67.     By Defendants' failure to take reasonable and appropriate measures to enact and enforce policies and procedures to address and remedy such sex harassment, discrimination, and retaliation as aforementioned, Defendants were deliberately indifferent to the need to prevent such illegal harassment, discrimination, and/or retaliation via such measures as adequate training, education, and information to the personnel of Defendants' concerning policies of sex harassment, sex discrimination, and retaliation for complaining or resisting the same.

68.     The outrageous conduct of Defendants, and each of them, described above was done with malice, fraud, and oppression and with conscious disregard for plaintiffs' rights and with the intent, design, and purpose of injuring Plaintiff.  Defendants, through their officers, managing agents and/or its supervisors, authorized, condoned, willfully ignored and/or ratified the

Hogue & Belong, APC
170 Laurel Street
San Diego, CA 92101
619.238.4720

−12−

COMPLAINT FOR DAMAGES

unlawful conduct of all of the other defendants named in this action.  By reason thereof, Plaintiff

is entitled to punitive or exemplary damages from all defendants, and each of them, as prayed for

below. As a further direct and proximate result of defendants' actions, Plaintiff is entitled to her

attorney fees and costs pursuant to Government Code section 12965(b) and any other applicable

statute.

### FIFTH CAUSE OF ACTION
**For Negligent Retention**
**(Against All Defendants)**

69.     Plaintiffs refer to and incorporate by reference each and every preceding paragraph

in this Complaint, as if fully set forth herein.

70.     At all material times, Defendants negligently and carelessly hired, trained,

supervised, and retained its employee, Mr. BUENAFLOR.

71.     Defendants breached their duty to exercise reasonable care and acted negligently

and carelessly in the hiring, training, supervision, and retention of Mr. BUENAFLOR, and by

failing to provide proper oversight of Mr. BUENAFLOR.  Further, Defendants knew, or should

have known that Mr. BUENAFLOR had a propensity to engage in sexually inappropriate and

offensive conduct; thus, Defendants should have ensured that Mr. BUENAFLOR attended

adequate sexual harassment and/or discrimination prevention training, including, but not limited

to, training regarding the laws and regulations against harassment and discrimination on the job, as

required by the Fair Housing and Employment Act.

72.     Defendants should have exercised greater control and supervision over Mr.

BUENAFLOR, and failed in their duties.  Further, Defendants failed to take reasonable steps to

protect Plaintiff from Mr. BUENAFLOR's obvious and known bias and the sexually motivated

actions.

73.     Defendants' aforementioned negligence harmed Plaintiff in that it caused severe

emotional distress.

/ / /

/ / /

## SIXTH CAUSE OF ACTION
### For Negligent Infliction of Emotional Distress
### (Against All Defendants)

74.    Plaintiff refers to and incorporate by reference each and every preceding paragraph in this Complaint, as if fully set forth herein.

75.    Mr. BUENAFLOR's and other employees' conduct as described above was extreme and outrageous, especially considering his position of power over Plaintiff.  At all material times, Defendants acted negligently and carelessly toward Plaintiff, causing her severe emotional distress and fear for her life and safety.

76.    Additionally, Defendants were negligent in that they knew or should have known that the sexually-motivated and predatory behavior was likely to cause Plaintiff severe emotional distress.  Mr. BUENAFLOR was in a position of authority and power over Plaintiff during her employment with Defendants and could threaten them with adverse employment actions after he harassed her.  Defendants were negligent in that they knew, or should have known, that Mr. BUENAFLOR's was engaging in the conduct heretofore described, but failed to intervene on Plaintiff's behalf.

77.    In engaging in the acts herein described, Mr. BUENAFLOR acted in the course and scope of his agency and employment with Defendants, and Defendants encouraged, instigated, and/or ratified Mr. BUENAFLOR's conduct.  Therefore, Defendants are vicariously liable for Mr. BUENAFLOR's conduct as herein described.

78.    The negligence of Defendants, and each of them, harmed Plaintiff in that it caused, among other things, severe emotional distress, anguish, fright, nervousness, anxiety, humiliation, shame, and depression, all to Plaintiff's general damages that will be established according to proof at trial.

## SEVENTH CAUSE OF ACTION
### Constructive Wrongful Termination in Violation of Public Policy
### (Against All Defendants)

79.    Plaintiff refers to and incorporates by reference each and every preceding and subsequent paragraph in this Complaint, as if fully set forth herein.

80.     At all times herein mentioned, Plaintiff was employed by Defendants.  At all times herein mentioned, Plaintiff performed the duties and obligations of her employment and Defendants, and each of them, knew Plaintiff had fulfilled all of the duties and conditions.

81.     Within the State of California there exists a substantial and fundamental public policy, set forth in Government Code section 12900 et seq., which forbids discrimination, harassment, and retaliation on the basis of sex or gender.  This public policy of the State of California is one that benefits the public at large and guarantees the rights of employees to perform their work free from harassment and discrimination.  Further, public policy support for Plaintiff's claim is also found in Labor Code section 6300, 6400, and the California Constitution Article I, section 8.

82.     But for Defendants' violation of the above-referenced public policy, Plaintiff would still be meaningfully employed with Defendants.  Instead, however, as a direct and proximate cause of Defendants' actions, Plaintiff was constructively and wrongfully discharged due to Defendants' violation of public policy.  Said conduct by Defendants was willful.

83.     As a further direct and proximate result of these working conditions in violation of public policy against her as heretofore described, Plaintiff has been damaged and deprived of the security, solace, and peace of mind for which she entered the employment relationship with Defendants, thereby causing her to suffer severe emotional and mental distress, anguish, embarrassment, sleepless nights, humiliation, degradation, headaches, inconvenience, and loss of enjoyment of life.

84.     The outrageous conduct of Defendants, and each of them, described above was done with malice, fraud, and oppression and with conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff.  Defendants, through its officers, managing agents and/or its supervisors, authorized, condoned, willfully ignored and/or ratified the unlawful conduct of all of the other defendants named in this action.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all Defendants, and each of them, as prayed for below,

Plaintiff prays for the relief set forth below.

Hogue & Belong, APC
170 Laurel Street
San Diego, CA 92101
619.238.4720

–15–

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For a jury trial;

2.     For general damages;

3.     For special and compensatory damages including loss of past, present, and future earnings and benefits, in a sum to be determined according to proof at time of trial;

4.     For punitive damages;

5.     For prejudgment and post judgment interest at the legal rate pursuant to law;

6.     For costs of suit;

7.     For reasonable attorney's fees pursuant to Government Code Section 12965(b), and any other applicable statutory provision; and

8.     For such other and further relief as the Court may deem proper.


Dated:  January 4, 2022                                    **HOGUE & BELONG**

                                                                    By:  _s/ Tyler Belong_____
                                                                    JEFFREY L. HOGUE, ESQ.
                                                                    TYLER J. BELONG, ESQ.
                                                                    JIMMIE D. PARKER, ESQ.
                                                                    MARK A. SIMPLICIANO, ESQ.
                                                                    Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Dated:  January 4, 2022

                                    **HOGUE & BELONG**

                                    By: _s/ Tyler Belong_
                                    JEFFREY L. HOGUE, ESQ.
                                    TYLER J. BELONG, ESQ.
                                    JIMMIE D. PARKER, ESQ.
                                    MARK A. SIMPLICIANO, ESQ.
                                    Attorneys for Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7067 |

PLAINTIFF(S) / PETITIONER(S):   Beatriz Tijerina

DEFENDANT(S) / RESPONDENT(S):   Alaska Airlines Inc

TIJERINA VS ALASKA AIRLINES INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2022-00000268-CU-OE-CTL |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:   Eddie C Sturgeon                                      Department: C-67

**COMPLAINT/PETITION FILED:** 01/04/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 08/12/2022 | 10:30 am | C-67 | Eddie C Sturgeon |

Due to the **COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Package (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
  • **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
  • **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
  • **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY, STATE, & ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |

FOR COURT USE ONLY

PLAINTIFF(S):   Beatriz Tijerina

DEFENDANT(S): Alaska Airlines Inc

SHORT TITLE:   TIJERINA VS ALASKA AIRLINES INC [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2022-00000268-CU-OE-CTL |
|---|---|

Judge: Eddie C Sturgeon                                                Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                    ☐  Non-binding private arbitration

☐  Mediation (private)                              ☐  Binding private arbitration

☐  Voluntary settlement conference (private)        ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                     ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                         Name of Defendant

_____          _____
Signature                                 Signature

_____          _____
Name of Plaintiff's Attorney              Name of Defendant's Attorney

_____          _____
Signature                                 Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  01/05/2022                                        _____
                                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00000268-CU-OE-CTL          CASE TITLE: Tijerina vs Alaska Airlines Inc [IMAGED]

<u>**NOTICE:**</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
      **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
      **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** _**and**_
      **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

**PROOF OF SERVICE**
<u>Tijerina v. Alaska Airlines, Inc.</u>
*Case No.: 37-2022-00000268-CU-OE-CTL*

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is HOGUE & BELONG (the "firm"), 170 Laurel Street, San Diego, CA 92101.

On January 5, 2022, I served the foregoing documents described as

[X]   **Via Certified  Mail**

- **SUMMONS**

- **CIVIL CASE COVER SHEET**

- **PLAINTIFF BEATRIZ TIJERINA'S COMPLAINT FOR DAMAGES**

- **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE**

- **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**ALASKA AIRLINES, INC.**
**C/O  CSC LAWYERS INCORPORATING SERVICE**
2710 Gateway Oaks Drive
Suite 150N
Sacramento, CA 95833

**JOE WONDERLY, SENIOR ATTORNEY**
**ALASKA AIRLINES**
19300 International Blvd, SEAZL
Seattle WA 98188

1
PROOF OF SERVICE

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 5, 2022, at San Diego, California.

*s/ Cynthia Steele*
Cynthia Steele

2
PROOF OF SERVICE



062S0009565006

$2.160
US POSTAGE
FIRST-CLASS
FROM 92101
JAN 10 2022
stamps
endicia



Alaska Airlines, Inc.
C/O CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento CA 95833-3502



7017 3040 0000 4242 0574

Hogue & Belong APC
170 Laurel Street
San Diego, CA 92101