UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Beatriz TIJERINA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC.,<br><br>　　　　　　　　　Defendant. | Case No.: 22-cv-00203-JLS-BGS<br><br>**ORDER GRANTING IN PART JOINT MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>[ECF No. 27] |

　　　　The parties' Joint Motion to Modify the Scheduling Order to Continue the Discovery Cutoff as it Relates to the Currently Pending Items is currently before the Court. (ECF No. 27.) The parties requested to extend the fact discovery deadline by 45 days to allow the parties to (1) resolve the currently pending discovery disputes, and (2) complete the deposition of Defendant's 30(b)(6) witness. (*Id.* at 2–3.) Specifically, the parties indicated that they are seeking "an extension of the discovery cutoff deadline so the parties have time to obtain a Court order or guidance sufficient to resolve this dispute." (*Id.*) Further, as to completing the deposition of Defendant's 30(b)(6) witness, the parties indicated that "Defendant's lead counsel learned that her husband tested positive for COVID-19 and informed Plaintiff's counsel that she could no longer fly to Seattle to defend the deposition of her client's 30(b)(6) witness on October 11, 2022." (*Id.* at 3; *see also Id.* at 7–8.) The parties indicated that "the earliest Defendant's counsel and 30(b)(6) witness can be available for that deposition is November 8, 2022." (*Id.* at 3; *see also Id.* at 7.)

///

///

Accordingly, having reviewed and considered the motion, the Court **GRANTS IN PART** the Joint Motion to Modify the Scheduling Order (ECF No. 27).  The fact discovery deadline is extended from October 27, 2022 until **November 10, 2022** for the parties to complete the deposition of Defendant's 30(b)(6) witness.

As for extending the fact discovery deadline to allow the parties to resolve the currently pending discovery disputes, the Court finds that this issue to be premature.  While counsel may not stop conducting other discovery that are not in dispute, the discovery that is the subject of the pending discovery disputes are tolled until they are resolved and the parties are provided new deadlines for that specific discovery.  *See* Judge Skomal's Chambers' Rule V(F) ("Counsel may not stop conducting other discovery due to a dispute."); *see also In re Outlaw Lab'ys, LP Litig.*, No. 18CV840-GPC-BGS, 2020 WL 2838680, at *3 (S.D. Cal. June 2020) ("[Judge Skomal's Chambers' Rules] only tolls the discovery that is the subject of the dispute. It means that parties cannot stop 'other discovery' based on a pending dispute.").

No other deadlines in the Scheduling Order are modified.  Any future requests to amend the Scheduling Order need to comply with the Federal Rules and Judge Skomal's Chambers' Rule III(C).

**IT IS SO ORDERED**.

Dated:  October 20, 2022

Hon. Bernard G. Skomal
United States Magistrate Judge