UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ TIJERINA, individually,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC.,<br>an Alaska Corporation; and DOES 1–50,<br><br>Defendants. | Case No.: 22-CV-203 JLS (BGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE THE DECLARATIONS OF MARIA VENEGAS AND JENNIFER SANTOS INACIO PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**<br><br>(ECF No. 42) |

Presently before the Court is Defendant Alaska Airlines, Inc.'s ("Defendant" or "Alaska") Motion to Strike the Declarations of Maria Venegas and Jennifer Santos Inacio Pursuant to Federal Rule of Civil Procedure 37 ("MTS," ECF No. 42). Also before the Court are Plaintiff Beatriz Tijerina's Opposition thereto ("MTS Opp'n," ECF No. 45) and Defendant's Reply in support thereof ("MTS Reply," ECF No. 47). The Court heard oral argument on May 25, 2023. *See* ECF No. 52. Having carefully considered the Parties' arguments, both in their briefs and during oral argument, and the law, the Court **DENIES** the Motion to Strike for the reasons set forth below.

/ / /

/ / /

# BACKGROUND

Plaintiff began working for Alaska in or around March 2018 as a customer service agent ("CSA") at the airport in San Diego, California. ECF No. 1-2 ("Compl.") ¶¶ 1, 12. Plaintiff alleges that her Lead CSA, Mark Buenaflor, and other Alaska employees sexually harassed her during her employment. *Id.* ¶¶ 13–17, 21–22. Plaintiff reported Mr. Buenaflor's conduct to Defendant's human resources department ("HR"), Plaintiff's other managers, and Plaintiff's union representative. *Id.* ¶¶ 13, 17. Plaintiff alleges that Defendant and its employees thereafter retaliated against her, *id.* ¶¶ 19–20; and, on January 29, 2020, Plaintiff was constructively terminated from her employment, *id.* ¶ 26.

On November 2, 2019, Plaintiff—at the time pro se—initiated a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See id.* ¶ 23; MTS Opp'n at 7 (citing Declaration of Tyler J. Belong in Support of Plaintiff's Opposition to Defendant's Motion to Strike ("Belong MTS Decl.," ECF No. 45-1) Ex. 3).[1] As part of its investigation, the EEOC interviewed two CSAs who also worked for Alaska contemporaneously with Plaintiff under Mr. Buenaflor and testified about sexual harassment they experienced and/or witnessed at Alaska: (1) Jennifer Inacio, interviewed on October 23, 2020; and (2) Maria Venegas, interviewed on February 2, 2021. *See* Belong MTS Decl. Exs. 11 ("Inacio EEOC Interview Notes") & 12 ("Venegas EEOC Interview Notes").

The EEOC closed its investigation on December 23, 2021, and issued Plaintiff her right-to-sue letter. *See* Compl. ¶ 23. Plaintiff filed this action in the Superior Court of the State of California, County of San Diego, on January 4, 2022, alleging causes of action for: (1) Quid Pro Quo Sexual Harassment – California Government Code § 12940(j); (2) Hostile Work Environment – Sexual Harassment – California Government Code

---

[1] Throughout this Order, in citing to page numbers within the Parties' filings, the Court references the blue numbers stamped in the upper righthand corner of each page by this District's Case Management/Electronic Case Filing system. However, in citing to the MTS Reply, which has no such numbers, the Court instead references the internal pagination provided by Defendant.

§ 12940(j); (3) Disparate Treatment – California Government Code § 12940(a); (4) Failure to Prevent Harassment, Retaliation, and Discrimination – California Government Code § 12940(k); (5) Negligent Retention; (6) Negligent Infliction of Emotional Distress; and (7) Constructive Wrongful Termination in Violation of Public Policy. *See generally* Compl. Defendant removed to this District on the basis of diversity jurisdiction. *See* ECF No. 1 ("Notice") at 3 (citing 28 U.S.C. § 1332(a)(1)). On March 16, 2022, Plaintiff moved to remand. *See generally* ECF No. 9. This Court denied the motion. *See generally* ECF No. 17.

The Parties exchanged their initial disclosures on May 4, 2022. Declaration of Tiffany Tran in Support of Defendant's Motion to Strike ("Tran MTS Decl.," ECF No. 42-1) Exs. 2 & 3. Plaintiff's initial disclosures identified thirteen witnesses by name, as well as the following "catchall" categories of witnesses: (1) "Defendant's other employees who experienced discrimination and/or harassment based on sex/gender," and (2) "Defendant's other employees who made complaints of sexual harassment and/or discrimination during their employment with Defendant." Tran MTS Decl. Ex. 2 at 3.

Originally, per the May 16, 2022 Scheduling Order issued in this case, the discovery cutoff was September 12, 2022. *See* ECF No. 16 ¶ 2. On September 2, 2022, Plaintiff produced to Defendant more than 800 pages of documents, including Plaintiff's entire EEOC investigation file. *See* MTS Opp'n at 9; Belong MTS Decl. ¶ 4. Among the materials included were the EEOC's identification of Mses. Inacio and Venegas as witnesses the EEOC interviewed and the Inacio and Venegas EEOC Interview Notes. *See* MTS Opp'n at 9; Belong MTS Decl. ¶¶ 13, 15 & 16; *id.* Exs. 9, 11 & 12. Also included was Alaska's January 3, 2020 Position Statement denying the allegations in the EEOC Charge, *see* Belong MTS Decl. Ex. 4, and indicating that "Alaska interviewed each witness Ms. Tijerina identified and none corroborated her claims," *id.* at 32.

On September 7, 2022, Alaska deposed Plaintiff. MTS Opp'n at 8; Belong MTS Decl. ¶ 17 & Ex. 13. During her deposition, Plaintiff mentioned "Jennifer" and "Mari" as two witnesses to an allegedly harassing and/or retaliatory incident Plaintiff experienced at

the hands of an Alaska employee named Mo and which Plaintiff reported to HR in an e-mail. *See* Belong MTS Decl. Ex. 13 at 166:1–67:7. Plaintiff also declared that "Jenni Ignacio and Mari Venegas," both CSAs "from Virgin America,"[2] witnessed an incident in which a coworker named Lesley informed Plaintiff that Mr. Buenaflor hit on her, remarked on her appearance, and asked her to go on dates in the April to May 2018 timeframe. *Id.* at 97:16–98:21.

A September 8, 2022 Order extended the discovery cutoff in this matter to October 27, 2022, *see* ECF No. 22, which remained the cutoff for the vast majority of fact discovery. During the period from September 22 through November 18, 2022, Defendant produced to Plaintiff a number of documents in response to Plaintiff's request for production of all complaints of sexual harassment and contact information for such complainants. *See* MTS Opp'n at 12. Among those documents were: (1) an August 16, 2018 e-mail from Ms. Tijerina titled "Harassment" about the incident between Plaintiff and Mo referenced *supra*, asking, "why is it that Jennifer Inacio isn't CC'ed in the email but was there along with Mari Venegas?", Belong MTS Decl. Ex. 1; (2) a June 18, 2019 Alaska Investigation Intake Form noting, with regard to Mr. Buenaflor allegedly taking a bite out of Plaintiff's food while she was holding it in her hand, that "Jennifer was around. She left a few weeks ago. Not with the company. Jennifer looked at me like what the hell were you doing. Never offered it to him," Belong MTS Decl. Ex. 15 at 110; (3) an August 23, 2019 Alaska Office of Ethics & Compliance Fact Finding Report noting, with regards to the same incident, that "Beatriz stated Jennifer was a witness, but she left the company a few weeks ago," Belong MTS Decl. Ex. 14 at 95; (4) a December 18, 2019 e-mail from Plaintiff to Rick Hines titled "Help!" noting that "[a] dear friend of mine Maria Venegas was harassed by Brooke and Kelly. She reached out to HR for assistance and ended up with the same HR team that I'm stuck with. Other colleagues have put in claims with HR as well and nothing seems to be

---

[2] In or around April 2018, Alaska merged with Virgin America. Declaration of Tiffany Tran Madison in Support of Defendant's MSJ (ECF No. 34-1) Ex. A at 24:19–25:16. Plaintiff previously had worked for Virgin America and became an employee of Alaska as a result of the merger. *See id.*

getting done," Belong MTS Decl. Ex. 2; and (5) a list of the names of and contact information for other Alaska employees who also worked at the San Diego location during the same timeframe as Plaintiff, including Mses. Venegas and Inacio, Belong MTS Decl. Ex. 5.

On September 28, 2022, Plaintiff's counsel deposed Mr. Buenaflor, who was represented by Defendant's counsel. MTS Opp'n at 13. Mr. Buenaflor was questioned about the allegations contained in the Inacio and Venegas EEOC Interview Notes. *See generally* Belong MTS Decl. Ex. 16. On or around September 29, 2022, Plaintiff received a signed declaration from Ms. Venegas dated September 29, 2022. *See* MTS Opp'n at 14 (citing ECF No. 39 Ex. A ("Venegas Decl.")). Ms. Venegas declares that Mr. Buenaflor, her "direct supervisor," sexually harassed her in 2018, and that nothing came of her complaints about his conduct. Venegas Decl. ¶ 5. She recalls witnessing Mr. Buenaflor telling Plaintiff "that he wanted to eat the chocolate off of her face" one time when they were in the Lead Office and Plaintiff was eating chocolate. *Id.* ¶ 8. She witnessed Mr. Buenaflor and another employee, Alvin, make sexually inappropriate comments about women. *Id.* ¶¶ 9–10. Ultimately, the Venegas Declaration is largely duplicative of the facts contained in the Venegas EEOC Interview Notes, although the Venegas Declaration contains additional and clearer statements concerning Mr. Buenaflor's supervisory role. *Compare* Venegas Decl., *with* Venegas EEOC Interview Notes.

On October 12, 2022, the Parties jointly moved to further extend the discovery deadline to accommodate the resolution of several pending discovery disputes and the delayed deposition of Defendant's Rule 30(b)(6) witness. *See* ECF No. 27. An October 20, 2022 Order granted in part the joint motion, extending the fact discovery deadline to November 10, 2022, "for the parties to complete the deposition of Defendant's 30(b)(6) witness." *See* ECF No. 29 at 2. The October 20, 2022 Order noted that, while discovery that was the subject of the pending discovery disputes was tolled pending resolution of the issues, all other discovery was to proceed as originally scheduled—in other words, by October 27, 2022. *See id.*

On November 7, 2022, Magistrate Judge Bernard G. Skomal narrowed but granted Plaintiff's motion to compel certain discovery from Defendant. *See generally* ECF No. 31 (the "Discovery Dispute Order"). Specifically, the Discovery Dispute Order required Defendant to provide "complaints regarding sexual harassment, sexual conduct, sex discrimination, or sex-based retaliation that were made by customer service agents from March 1, 2018 to January 29, 2020 arising at Defendant's San Diego Airport location," as well as any investigative records concerning the same. *Id.* at 12. The Discovery Dispute Order further ordered Defendant to provide the contact information for any current or former CSAs who worked at the San Diego airport during the time period and shift times Plaintiff worked or who made complaints of sexual harassment or misconduct during that timeframe. *See id.* at 17. The Discovery Dispute Order extended the fact discovery cutoff to December 8, 2022, solely for the identified discovery. *See id.*

The Parties subsequently jointly moved to extend the discovery cutoff for the taking of the deposition of Defendant's Rule 30(b)(6) witness to December 8, 2022, as well, *see* ECF No. 32, which request was granted, *see* ECF No. 33. That deposition went forward on December 16, 2022. *See* MTS Opp'n at 14. Defendant's Rule 30(b)(6) witness, Steven Zwerin, was questioned about the harassment allegations contained in the Inacio and Venegas EEOC Interview Notes. *See generally* Belong MTS Decl. Ex. 17.

On February 13, 2023, Defendant moved for summary judgment. *See* ECF No. 34.[3] On March 16, 2023, Plaintiff opposed the motion, *see* ECF No. 38, and on March 21, 2023, Plaintiff filed a Notice of Errata lodging two declarations cited by but inadvertently omitted from her opposition to the summary-judgment motion. *See generally* ECF No. 39. The declarations in question are: (1) the Venegas Declaration, and (2) the March 2, 2023 Declaration of Jennifer Santos Inacio ("Inacio Decl.," ECF No. 39 Ex. B). Plaintiff received the Inacio Declaration on or around March 2, 2023. MTS Opp'n at 14. Ms. Inacio declares that she witnessed Mr. Buenaflor, her Lead CSA, make sexually inappropriate

---

[3] Defendant's Motion for Summary Judgment will be addressed in a separately filed Order in due course.

remarks about and engage in sexually inappropriate physical contact with female CSAs, including one of his "subordinates." Inacio Decl. ¶ 7. She also declares that Plaintiff showed her text messages in which another Lead CSA, Alvin, threatened Plaintiff, and that she saw Alvin touching female employees inappropriately and in ways that made them uncomfortable. *Id.* ¶¶ 11–13. Again, these allegations are largely duplicative of those contained in the Inacio EEOC Interview Notes, although with some additional detail, particularly as to Mr. Buenaflor's supervisory powers—a significant issue in Defendant's Motion for Summary Judgment. *Compare* Inacio Decl., *with* Inacio EEOC Interview Notes.

On or about March 20, 2023, Defendant's counsel, Tiffany Tran, contacted Plaintiff's counsel requesting a copy of Plaintiff's initial disclosures. *See* Belong MTS Decl. ¶ 22. On or about March 22, 2023, Ms. Tran told Plaintiff's counsel that "she could not find [Plaintiff's initial disclosures] and did not have a record of receiving them." *Id.* That same day, Plaintiff's counsel forwarded Ms. Tran the May 4, 2022 e-mail originally sent to Defendant's counsel appending Plaintiff's initial disclosures. *See id.* ¶ 22 & Ex. 18.

On April 4, 2023, Defendant filed the instant Motion to Strike, seeking to strike the Venegas and Inacio Declarations pursuant to Federal Rule of Civil Procedure 37 on the basis that Plaintiff failed to disclose Mses. Venegas and Inacio in accordance with Federal Rule of Civil Procedure 26(a). *See generally* MTS.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), subject to exceptions not relevant here:

> [A] party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

///

Furthermore,

> [a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1)(A). The Advisory Committee Note for this subdivision, which was revised per the 1993 Amendment, clarifies that "[t]here is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition . . . ." Fed. R. Civ. P. 26 Advisory Committee Notes (1993 amend.).

"If a party fails to provide information or identify a witness as required in Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Despite the apparently self-executing language of Rule 37(c), courts retain discretion to impose specified alternative sanctions '[i]n addition to or instead of' the exclusion of evidence." *Patton v. 1st Light Prop. Mgmt., Inc.*, No. 14-CV-1489-AJB-WVG, 2016 WL 9503737, at *2 (S.D. Cal. Nov. 8, 2016) (citing Fed. R. Civ. P. 37(c); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "Among the factors that may properly guide a district court's discretion in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R*

*Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (citing *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)).

## SUMMARY OF THE PARTIES' ARGUMENTS

Defendant contends that the Court should strike the Venegas and Inacio Declarations pursuant to Federal Rule of Civil Procedure 37(c) because Plaintiff never disclosed Mses. Venegas or Inacio as fact witnesses pursuant to Federal Rule of Civil Procedure 26(a). *See* MTS at 6. Defendant argues that Plaintiff's "catchall" witness categories in her initial disclosures are insufficient to comply with Rule 26(a), *id.* at 11, and that Plaintiff cannot show that her failure to disclose was substantially justified or harmless, *id.* at 12. Alaska contends that failure to strike the declarations would be highly prejudicial to it, as the only available remedy absent exclusion would be the reopening of fact discovery "on the eve of trial." *Id.* at 12. Moreover, exclusion would not be unduly harsh to Plaintiff, "because the witnesses at issue are no[t] so critically important that exclusion would functionally foreclose Plaintiff from pursuing her claim." *Id.* at 12–13.

Plaintiff counters that Defendant's Motion to Strike is procedurally defective because Defendant failed to meet and confer in accordance with Civil Local Rule 26.1(a), and accordingly the Court should decline to entertain the MTS. MTS Opp'n at 16. Plaintiff also contends that it did not violate its disclosure obligations under Rule 26(a) because Plaintiff "otherwise disclosed" Mses. Venegas and Inacio on at least eleven occasions throughout the discovery period, both in various produced documents and during deposition questioning and testimony. *See id.* at 16–20. Finally, to the extent there was any violation of Rule 26(a), Plaintiff urges that Rule 37 sanctions are inappropriate because Defendant had actual knowledge of both witnesses before this action was even filed, and accordingly any failure to supplement the initial disclosures was harmless. *Id.* at 23. Plaintiff contends she would be irreparably harmed should the Venegas and Inacio Declarations be excluded because "[s]uch a ruling would drastically inhibit Plaintiff's ability to successfully Oppose Defendant's Motion for Summary Judgment and would trigger an appeal," as the declarations "confirm the sexually hostile work environment and

corroborate the sexual harassment of Plaintiff, as well as the supervisory power of Mark Buenaflor." *Id.* at 24. "The testimony is crucial and was obtained by Plaintiff's counsel in good faith after repeatedly disclosing these witnesses to Defendant's counsel via numerous documents and deposition questions/testimony." *Id.* Finally, Plaintiff argues that Defendant should be judicially estopped from claiming it is prejudiced by an inability to interview Mses. Venegas and Inacio, given that Defendant, during the EEOC investigation, acknowledged having received Plaintiff's e-mails identifying witnesses, including Mses. Venegas and Inacio, and informed the EEOC that it had interviewed all Plaintiff's witnesses. *See id.* at 26–28.

Defendant responds that any failure to comply with the meet-and-confer requirements of Civil Local Rule 26.1 was "harmless," given that "[t]he only acceptable meet and confer result for Defendant would have been complete withdrawal of the declarations, which Plaintiff is clearly unwilling to do." Reply at 1 n.1. Defendant also contends Mses. Venegas and Inacio were not otherwise disclosed during discovery, as "mere reference to the declarants during the course of discovery" is insufficient to satisfy Rule 26(a). *Id.* at 6–10. Finally, Defendant claims judicial estoppel is inapplicable here. *Id.* at 10 n.6.

## ANALYSIS

### I. Defendant's Failure to Meet and Confer Per Civil Local Rule 26.1

First, Plaintiff argues the Court should refuse to entertain the instant Motion to Strike on the basis of Defendant's failure to meet and confer as required by this District's Civil Local Rules. *See* MTS Opp'n at 16. Civil Local Rule 26.1(a) provides, in relevant part, that "[t]he Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues." S.D. Cal. CivLR 26.1(a). Civil Local Rule 26.1(b) provides that, "[a]t the time of filing any motion with respect to Rules 26 through 37, Fed. R. Civ. P., counsel for the moving party must serve and file a certificate of compliance with this rule." S.D. Cal. CivLR 26.1(b).
/ / /

1  Defendant does not dispute that it failed to meet and confer and file a certificate of
2  compliance as required by the Local Rules, and it identifies no case law to support its
3  position that because any meet and confer would have been fruitless it is absolved of its
4  failure to make the attempt.  Rather, as Local Rule 26.1 explicitly states, failure to comply
5  with the meet and confer requirement justifies denial of the instant Motion to Strike. *See,*
6  *e.g.*, *Blast Motion, Inc. v. Zepp Labs, Inc.*, No. 15-CV-700 JLS (NLS), 2016 WL 7325416,
7  at *4–5 (S.D. Cal. Dec. 16, 2016) (denying a motion to exclude expert testimony on the
8  basis of the movant's failure to comply with Civil Local Rule 26.1); *GameTek LLC v.*
9  *Facebook, Inc.*, No. 12-CV-501 BEN RBB, 2013 WL 1412195, at *1–2 (S.D. Cal. Apr. 8,
10 2013) (denying motion to strike for failure to meet and confer prior to filing of motion).
11 Accordingly, the Court **DENIES** the Motion to Strike on procedural grounds.  Even
12 considering the Motion to Strike on the merits, however, the Court declines to exclude the
13 Inacio and Venegas Declarations.

**II.    Were Mses. Venegas and Inacio "Otherwise Disclosed"?**

15  As previously noted, the requirement to supplement Rule 26(a) disclosures does not
16 apply "if the additional or corrective information has [] otherwise been made known to the
17 other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).  The
18 Advisory Committee Notes provide, as an example of an instance where supplementation
19 would not be required, "when a witness not previously disclosed is identified during the
20 taking of a deposition . . . ." Fed. R. Civ. P. 26 Advisory Committee Notes (1993 amend.).
21  Here, Plaintiff contends that Mses. Venegas and Inacio were "otherwise disclosed"
22 to Defendant, thereby obviating Plaintiff's obligation to supplement her Rule 26(a) witness
23 disclosures, by references to both witnesses in various discovery documents and in several
24 depositions. *See* MTS Opp'n at 16–20.  Defendant argues that Plaintiff fails to cite to any
25 case law in which passing references, like those Defendant contends are at issue here, are
26 sufficient for that purpose; rather, in Defendant's view, the case law supports its position
27 that any "disclosure" of Mses. Venegas and Inacio was inadequate.  Reply at 6–10.
28 / / /

Here, the allegations in the disputed declarations are largely duplicative of those contained in the EEOC Interview Notes, which Defendant had as of September 2, 2022, and which put Defendant on notice of similar allegations of harassment by Mr. Buenaflor. Such allegations tend to substantiate Plaintiff's claims of a pervasive atmosphere of sexual harassment, as well as sexually harassing behavior specifically by Mr. Buenaflor and another Lead CSA, Alvin Atienza, both of whom Plaintiff accuses of harassment in the instant litigation. Moreover, these allegations were called to Defendant's attention when both Mr. Buenaflor and Defendant's Rule 30(b)(6) witness were specifically questioned about them. In sum, the Court concludes, on the instant facts, that Defendant had ample opportunity and incentive to further explore Mses. Venegas and Inacio's statements about sexual harassment, and accordingly Mses. Venegas and Inacio were "otherwise disclosed" as witnesses during the discovery process, even if they were not explicitly identified as witnesses in Plaintiff's Rule 26(a) disclosures. Accordingly, the Court **DENIES** Defendant's Motion to Strike on this additional basis.[4]

## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's Motion to Strike (ECF No. 42), both on procedural grounds and on the alternative ground that Mses. Venegas and Inacio were "otherwise disclosed."

**IT IS SO ORDERED.**

Dated: June 14, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[4] In light of the foregoing disposition, the Court declines to address Plaintiff's alternative arguments that any failure to disclose Mses. Venegas and Inacio was harmless, *see* MTS Opp'n at 23–24, or that Defendant should be judicially estopped from arguing that it was unaware of Mses. Venegas and Inacio as potential witnesses, *see id.* at 27.