UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ TIJERINA, individually,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC.,<br>an Alaska Corporation; and DOES 1–50,<br><br>Defendants. | Case No.: 22-CV-203 JLS (BGS)<br><br>**ORDER *SUA SPONTE* STRIKING FILING IN VIOLATION OF LOCAL RULES**<br><br>(ECF No. 97) |

Presently before the Court is Defendant Alaska Airlines, Inc.'s Motion *in Limine* and Objections to Plaintiff's Witness List ("Mot.," ECF No. 97). In ruling on the other motions *in limine* ("MILs") previously filed by the Parties, the Court gave Defendant permission to file a renewed challenge regarding—among other topics—some of Plaintiff Beatriz Tijerina's intended trial witnesses. *See* ECF No. 94 (the "Order") at 22. The Court did not, however, grant Defendant leave to ignore applicable procedural rules.

By filing the instant Motion on February 7, 2024, without first obtaining a hearing date from chambers, Defendant violated Civil Local Rules 7.1(b) and 7.1(f)(1). "The requirement that a party obtain a hearing date from the judge's clerk is no empty formality; it is a rule of substantial importance. Under Civil Local Rule 7.1(e)(1)–(3), the hearing date sets in motion a calendar for the filing of opposition and reply briefs . . . ." *Kashin v. Kent*, No. 02CV2495LAB(WMC), 2007 WL 1975435, at *1 (S.D. Cal.

Apr. 26, 2007), *aff'd*, 342 F. App'x 341 (9th Cir. 2009).

Defendant's Motion also runs afoul of Civil Local Rule 7.1(h), which states that "[b]riefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion." In other words, a party must "request advance permission from the court to file overlength briefs." *See King Cty. v. Rasmussen*, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001), *aff'd*, 299 F.3d 1077 (9th Cir. 2002). Defendant failed to seek leave from the Court before filing the present Motion, which contains thirty-five (35) pages of argument. Excessive briefs are disfavored considering "the strain on the Court's already-swollen docket and potential prejudices to the opposing party." *Murray v. City of Bonners Ferry*, No. 2:15-cv-00081-REB, 2016 WL 3198232, at *2 n.3 (D. Idaho June 8, 2016). Moreover, excessive briefs "may actually hurt a party's case, making it 'far more likely that meritorious arguments will be lost amid the mass of detail.'" *Elec. Frontier Found. v. C.I.A.*, No. C 09-03351 SBA, 2012 WL 1123529, at *1 (N.D. Cal. April 3, 2012) (quoting *Fleming v. Cnty. of Kane*, 855 F.2d 496, 497 (7th Cir. 1988)).

Defendant's failure to comply with the Civil Local Rules is grounds to reject the filing. *See Kashin*, 2007 WL 1975435, at *2; *see also* S.D. Cal. CivLR 83.1(a) (providing that failure to comply with the Civil Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court"). Accordingly, the Court **STRIKES** the Motion (ECF No. 97) for failure to comply with this District's Civil Local Rules. In so doing, the Court notes that, per the Parties' First Amended Joint Proposed Pretrial Order ("Am. PTO," ECF No. 96), the Parties have recently met and conferred to narrow the list of potential trial witnesses. Am. PTO at 2 n.2. The Parties represented that they "w[ould] be prepared to advise the Court of their progress in this regard at the Pretrial Conference" currently set for February 9, 2024. *Id.* As the Court has not yet received the promised update on the very topic the Motion addresses, and given the nearness of the Pretrial Conference, Defendant

**MAY REFILE** the Motion <u>only after the February 9 Conference</u>.  If the Parties so desire, the timing of any motion hearing and the applicable page limits[1] can be addressed during the Pretrial Conference.

    **IT IS SO ORDERED.**

Dated:  February 8, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

[1] The Court understands that, in filing an overlength brief, Defendant may have been attempting to address the Court's earlier concern that Defendant sought to exclude numerous witnesses without arguing why each witness should not be allowed to testify.  *See* Order at 10.  The Court may thus be inclined to grant a request for leave to modestly exceed the page limit.  The Court reminds the Parties, however, that shorter briefs are typically more helpful to the Court "because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue, and just why they believe the law supports them."  *Elec. Frontier Found.*, 2012 WL 1123529, at *1 (quoting *In re M.S.V., Inc.*, 892 F.2d 5, 6 (1st Cir. 1989)).  The Parties are therefore cautioned not to abuse the Court's limited resources and to practice brevity in their motion practice.