UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ TIJERINA, individually,<br><br>Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC.,<br>an Alaska Corporation; and DOES 1–50,<br><br>Defendants. | Case No.: 22-CV-203 JLS (DTF)<br><br>**ORDER *SUA SPONTE* (1) STRIKING SECOND AMENDED JOINT PROPOSED PRETRIAL ORDER AND (2) CONTINUING FINAL PRETRIAL CONFERENCE**<br><br>(ECF No. 119) |

Presently before the Court is the Parties' Second Amended Joint Proposed Pretrial Order ("Proposed Order," ECF No. 119), which they submitted ahead of a final pretrial conference scheduled for June 27, 2024.  *See* ECF No. 111.  The Proposed Order was originally due by June 10.  *See id.*  On that date, the Parties requested an extension to June 12, ECF No. 115, which the Court granted, ECF No. 116.  Nevertheless, the Parties did not file the Proposed Order until June 14.[1]  Beyond the Parties' tardiness, however, the Proposed Order is deficient in a more important way—it fails to comply with the Court's prior instructions.

---

[1] The Parties initially filed a version of the Proposed Order on June 13.  *See* ECF No. 117.  However, the Parties withdrew their original submission and filed a replacement on June 14.  *See* ECF No. 118.

During each of the last three hearings held in this matter, *see* ECF Nos. 71, 93, 111, the Court has instructed the Parties on the proper format for submitting proposed jury instructions. Specifically, the Court directed the Parties to submit a *single* set of combined proposed instructions, wherein (1) if the Parties agreed on the instruction, they should include a copy of that instruction and note their agreement; and (2) if the Parties disagreed on the instruction, they should provide (a) the relevant pattern instruction, (b) Plaintiff's proposed instruction (with red-line edits showing deviations from the pattern instruction) and her supporting legal authority, followed by (c) the same from Defendant.[2]

Despite these reminders, the Parties failed to heed the Court's instructions. Instead, the Parties submitted their joint proposed instructions, Plaintiff's proposed instructions, and Defendant's proposed instructions in three separate and lengthy exhibits. *See* Proposed Order Exs. C–E. Moreover, the Parties failed to "e-mail the proposed instructions in Word or Wordperfect form to Chambers" as required by Civil Local Rule 16.1(f)(6)(c)(7).

Additionally, the Court has repeatedly informed the Parties that Plaintiff's exhibits should be numbered 1 to 499, while Defendant's exhibits should start at 500. But once again, the Parties have labeled Defendant's exhibits using letters rather than numbers.

A district court "has discretion and the inherent power to strike a filing." *United States v. Alvarez*, No. 18CR1653-GPC, 2021 WL 2290787, at *1 n.1 (S.D. Cal. June 4, 2021), *aff'd*, No. 21-55826, 2024 WL 1693360 (9th Cir. Apr. 19, 2024); *see also Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("It is well established that '[d]istrict courts have inherent power to control their dockets . . . .'" (first alteration in original) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998))). In the interest of judicial economy, and because the Parties have not followed directions, the Court will so exercise its discretion here.

/ / /

---

[2] If the disagreement is over whether the instruction should be given at all, that should be noted in similar fashion, complete with a *brief* explanation and/or citations to legal authority.

Accordingly, the Court *sua sponte* **STRIKES** the Proposed Order (ECF No. 119) and **CONTINUES** the June 27 final pretrial conference to 10:00 a.m. PDT on July 25, 2024, in Courtroom 4D of the Edward J. Schwartz United States Courthouse. The Parties **SHALL FILE** a third amended joint proposed pretrial order in accordance with the above requirements on or before July 11, 2024.

**IT IS SO ORDERED.**

Dated: June 20, 2024

Hon. Janis L. Sammartino
United States District Judge